| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Law Offices of Sam Chandra, APC<br>710 S. Myrtle Ave., # 600<br>Monrovia, CA 91016-2171<br><br><br>P: (626) 305-0555<br>F: (626)305-0556<br>E: Fax@Chandra-Law.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - NORTHERN**

| In re:<br>Debtor<br>Joe Angus McKenna<br><br>Joint Debtor<br><br>Ruth Allison McKenna<br><br><br><br>Debtor(s). | CASE NO.: 9:24-bk-10717-RC<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(REAL PROPERTY)** |
| | DATE: 04/22/2025<br>TIME: 9:00 A.M.<br>COURTROOM: 201 |

**Movant:**
Hollyvale Rental Holdings, LLC

1. **Hearing Location:**

    ☐ 255 East Temple Street, Los Angeles, CA 90012    ☐ 411 West Fourth Street, Santa Ana, CA 92701
    ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☒ 1415 State Street, Santa Barbara, CA 93101
    ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017    Page 1    F 4001-1.RFS.RP.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. [X] This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. [ ] This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. [ ] An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. [ ] An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. [ ] An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 03/27/25

Law Offices of Sam Chandra, APC
Printed name of law firm (if applicable)

Sam Chandra
Printed name of individual Movant or attorney for Movant

_[signature]_
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                                       Page 2                                           F 4001-1.RFS.RP.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

    ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

    ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

    ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

    ☒ Other (*specify*):    Third Party Purchaser at Pre-Petition Foreclosure Auction

2. **The Property at Issue (Property):**

    a. Address:

    *Street address:* 317 East Prune Avenue
    *Unit/suite number:* Lompoc, CA 93436
    *City, state, zip code:* APN: 087141018

    b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __1__):

3. **Bankruptcy Case History:**

    a. A ☒ voluntary ☐ involuntary bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (*date*) __6/26/2024__.

    b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) _____.

    c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

    (1) ☒ Movant's interest in the Property is not adequately protected.

        (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

        (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

        (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

    (2) ☒ The bankruptcy case was filed in bad faith.

        (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

        (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

        (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

        (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

        (E) ☒ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

        (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                                     Page 3                                                     F 4001-1.RFS.RP.MOTION

- (3) ☐ *(Chapter 12 or 13 cases only)*
    - (A) ☐ All payments on account of the Property are being made through the plan.
      ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.
    - (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.
- (4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.
- (5) ☐ The Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.
- (6) ☒ For other cause for relief from stay, see attached continuation page. (Supplemental Declaration of Olivia Reyes & Points and Authorities.)

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:
- (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or
- (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☒ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

    a. ☒ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____.

    c. ☒ Other *(specify)*: As provided in the Supplemental Declaration of Olivia Reyes & Points and Authorities, actions taken by Debtors were done in bad faith. While the sale occurred pre-petition, the deed was recorded during the stay created by the debtors in filing another petition.

6. **Evidence in Support of Motion:** *(Declaration(s) MUST be signed under penalty of perjury and attached to this motion)*

    a. The REAL PROPERTY DECLARATION on page 6 of this motion.

    b. ☒ Supplemental declaration(s).

    c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit ____.

    d. ☐ Other:

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                      Page 4                                      F 4001-1.RFS.RP.MOTION

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☒ Confirmation that there is no stay in effect.

5. ☒ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☒ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☒ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☒ See attached continuation page for other relief requested.

Date: 03/26/25

Law Offices of Sam Chandra, APC
Printed name of law firm (if applicable)
Sam Chandra
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                              Page 5                              F 4001-1.RFS.RP.MOTION

## Continuation page re relief requested:

WHEREFORE, Movant prays that this Court issue an Order granting:

1.      Termination of the Stay under 11 USC 362(d)(1), 11 USC 362(d)(2)(A), and 11 USC 362(d)(2)(B) to allow Movant, together with any additional successors or assigns, to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the subject Property.

2.      That the 14 day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

3.      That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

4.      For annulment of the automatic stay so that post-petition actions taken by Movant do not violate the automatic stay.

5.      That this order be deemed retroactive to the date of filing of this case (being 6/26/2024) and that the relief pertain to any and all other cases filed by the debtors for a period of 1 year from said date including but not limited to case numbers 9:24-bk-10921-RC (filed 8/13/2024 dismissed 8/30/2024) and 9:25-bk-10292-RC (filed 03/05/2025 dismissed 03/24/2025).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Law Offices of Sam Chandra, APC
710 S. Myrtle Ave., # 600
Monrovia, CA 91016-2171

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 03/28/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Elizabeth (ND) F Rojas (TR)   cacb_ecf_nd@ch13wla.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 03/28/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Joe Angus McKenna
317 #A E. Prune Ave.
Lompoc, CA 93436

Ruth Allison McKenna
317 #A E. Prune Ave.
Lompoc, CA 93436

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/28/2025 | Kara Millar | _[signature]_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                              Page 12                              F 4001-1.RFS.RP.MOTION