# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Olivia Reyes _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☒ I am employed by Movant as (*state title and capacity*): I have managed every aspect of the property from Movant's acquisition to now

   c. ☐ Other (*specify*):

2. a. ☐ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*see attached*):

3. The Movant is:

   a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

   b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

   c. ☐ Servicing agent authorized to act on behalf of the:
      ☐ Holder.
      ☐ Beneficiary.

   d. ☒ Other (*specify*): Third Party Purchaser at Pre-Petition Foreclosure Auction

4. a. The address of the Property is:

   Street address: 317 East Prune Avenue
   Unit/suite no.:
   City, state, zip code: Lompoc, CA 93436

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is: See Exhibit 1

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                      Page 6                                      F 4001-1.RFS.RP.MOTION

5. Type of property (*check all applicable boxes*):

   a. [X] Debtor's principal residence
   b. [ ] Other residence
   c. [ ] Multi-unit residential
   d. [ ] Commercial
   e. [ ] Industrial
   f. [ ] Vacant land
   g. [ ] Other (*specify*):

6. Nature of the Debtor's interest in the Property:

   a. [ ] Sole owner
   b. [ ] Co-owner(s) (*specify*):
   c. [ ] Lienholder (*specify*):
   d. [X] Other (*specify*): Hold over occupant after a pre-petition sale.
   e. [ ] The Debtor [ ] did [ ] did not list the Property in the Debtor's schedules.
   f. [ ] The Debtor acquired the interest in the Property by [ ] grant deed [ ] quitclaim deed [ ] trust deed.
      The deed was recorded on (*date*) _____.

7. Movant holds a  [ ] deed of trust  [ ] judgment lien  [X] other (*specify*) <u>Trustee's Deed Upon Sale</u> that encumbers the Property.

   a. [X] A true and correct copy of the document as recorded is attached as Exhibit <u>1</u>.
   b. [ ] A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit ____.
   c. [ ] A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit ____.

8. Amount of Movant's claim with respect to the Property:

   |   |   | PREPETITION | POSTPETITION | TOTAL |
   |---|---|---|---|---|
   | a. | Principal: | $ | $ | $ |
   | b. | Accrued interest: | $ | $ | $ |
   | c. | Late charges | $ | $ | $ |
   | d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ |
   | e. | Advances (property taxes, insurance): | $ | $ | $ |
   | f. | Less suspense account or partial balance paid: | $[         ] | $[         ] | $[         ] |
   | g. | TOTAL CLAIM as of (*date*): | $ | $ | $ |

   h. [ ] Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) _____ or [ ] none recorded.
   b. Notice of sale recorded on (*date*) _____ or [ ] none recorded.
   c. Foreclosure sale originally scheduled for (*date*) _____ or [ ] none scheduled.
   d. Foreclosure sale currently scheduled for (*date*) _____ or [ ] none scheduled.
   e. Foreclosure sale already held on (*date*) _____ or [ ] none held.
   f. Trustee's deed upon sale already recorded on (*date*) _____ or [ ] none recorded.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                   Page 7                              F 4001-1.RFS.RP.MOTION

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

       An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:

       (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

       (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

       (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

       (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

       Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

       | | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
       |---|---|---|---|
       | 1st deed of trust: | | $ | $ |
       | 2nd deed of trust: | | $ | $ |
       | 3rd deed of trust: | | $ | $ |
       | Judgment liens: | | $ | $ |
       | Taxes: | | $ | $ |
       | Other: | | $ | $ |
       | **TOTAL DEBT:** $ | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

       (1) ☐ Preliminary title report.

       (2) ☐ Relevant portions of the Debtor's schedules.

       (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
       I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
       By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 8                                    F 4001-1.RFS.RP.MOTION

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

   a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
      A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
      A plan was confirmed on the following date (*if applicable*): _____.

   b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

   | Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
   |---|---|---|---|
   |  |  | $ | $ |
   |  |  | $ | $ |
   |  |  | $ | $ |
   |  |  | $ | $ |
   |  |  | $ | $ |
   |  |  | $ | $ |
   |  |  | $ | $ |
   |  |  | $ | $ |

   (See attachment for additional breakdown of information attached as Exhibit _____.)

   c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

   | Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
   |---|---|---|---|
   |  |  | $ | $ |
   |  |  | $ | $ |
   |  |  | $ | $ |
   |  |  | $ | $ |
   |  |  | $ | $ |
   |  |  | $ | $ |
   |  |  | $ | $ |
   |  |  | $ | $ |

   d. Postpetition advances or other charges due but unpaid:                                $
      (*For details of type and amount, see Exhibit _____*)

   e. Attorneys' fees and costs:                                                             $
      (*For details of type and amount, see Exhibit _____*)

   f. Less suspense account or partial paid balance:                                         $[                    ]

                   TOTAL POSTPETITION DELINQUENCY:                       $

   g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
      An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

   h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
      $_____  received on (*date*) _____
      $_____  received on (*date*) _____
      $_____  received on (*date*) _____

   i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                                Page 9                                          F 4001-1.RFS.RP.MOTION

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (specify):

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☒ Multiple bankruptcy cases affecting the Property include:

      1. Case name: In re: Joe Angus McKenna; Ruth Allison McKenna
         Chapter: 13    Case number: 9:18-bk-11695-DS
         Date dismissed: 11/05/2018    Date discharged: _____    Date filed: 10/16/2018
         Relief from stay regarding the Property ☐ was ☒ was not granted.

      2. Case name: In re: Joe Angus McKenna; Ruth Allison McKenna
         Chapter: 13    Case number: 9:18-bk-12114-DS
         Date dismissed: 01/14/2019    Date discharged: _____    Date filed: 12/26/2018
         Relief from stay regarding the Property ☐ was ☐ was not granted.

      3. Case name: In re: Joe Angus McKenna; Ruth Allison McKenna
         Chapter: 13    Case number: 9:18-bk-11288-DS
         Date dismissed: 08/27/2018    Date discharged: _____    Date filed: 08/07/2018
         Relief from stay regarding the Property ☐ was ☐ was not granted.

      ☒ See attached continuation page for information about other bankruptcy cases affecting the Property.
      ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors. (Supplemental Declaration of Olivia Reyes)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 10                                    F 4001-1.RFS.RP.MOTION

**Continuation page re prior filings**

Case #

| Case # | Name | Date Filed | Date Dismissed |
|---|---|---|---|
| 9:18-bk-11695-DS | In re: Joe Angus McKenna; Ruth Allison McKenna | 10/16/20218 | 11/05/2018 |
| | | | |

19. [X] Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. [ ] These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. [ ] Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. [X] For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/27/25 | Olivia Reyes | _(signed)_ |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                      Page 11                              F 4001-1.RFS.RP.MOTION

# CONTINUATION PAGE TO THE REAL PROPERTY DECLARATION

## (Supplemental Declaration of Olivia Reyes)

In addition to the statements set forth in the Real Property Declaration, Olivia Reyes further declares:

1. My business records indicate that Movant purchased the Property at approximately 1:55 P.M. on June 26, 2024, following a duly noticed and properly conducted non-judicial foreclosure sale (the "Foreclosure Sale"). A true and correct copy of the purchase TDUS attached hereto as "**Exhibit 1**".

2. Movant was not the foreclosing beneficiary.

### Factual and Procedural Background

3. Co-debtors Joe McKenna and Ruth McKenna ("Debtors") obtained a loan secured by a deed of trust (the "DOT") for the property at 317 E Prune Ave., Lompoc, CA, 93436 (the "Property"), which was recorded on June 8, 2010 as Instrument No. 2010-0030110.

4. Debtors defaulted on the loan and foreclosure proceedings began in 2018. The trustee under the DOT recorded a Notice of Default and subsequently a Notice of Trustee's Sale, which set the foreclosure sale date of August 8, 2018.

### Debtors Repeated Bad Faith Bankruptcy Filings

5. On August 7, 2018, the day before the scheduled foreclosure sale, Debtors filed a chapter 13 bankruptcy petition, Case No. 9:18-bk-11288-DS. Debtors did not file any schedules or do anything with regard to the case, and the case was

dismissed on August 27, 2018 for failure to file schedules, statements and/or plan. The case was closed on October 12, 2018.

6. On October 16, 2018, four days later, Debtors filed another chapter 13 petition, Case No. 9:18-bk-11695-DS. The case was dismissed on November 5, 2018, again because the Debtors failed to file schedules, statements, and/or a plan. The case was closed on December 26, 2018.

7. The same day, December 26, 2018, Debtors filed a third chapter 13 petition, Case No. 9:18-bk-12114-DS. Just the same as Debtors prior cases, they did not file any schedules or perform any actions, and the case was dismissed on January 14, 2019 for failure to file schedules, statements, and/or a plan. The case was closed on January 30, 2019.

**The 2024 Foreclosure and Debtors Repeated Bad Faith Bankruptcy Filings**

8. The Debtors' loan remained subject to foreclosure proceedings in 2022 and 2023. On February 15, 2024, the trustee recorded a Notice of Default.

9. The trustee then recorded a Notice of Trustee's Sale on May 29, 2024, setting a foreclosure sale date of June 26, 2024.

10. The sale took place on June 26, 2024 at 1:49 pm (**Exhibit 2** (time in format of 13:49:00.00000.))

11. Debtors filed the instant chapter 13 petition, Case No. 9:24-bk-10717-RC on June 26, 2024 at 1:50 pm, after the sale. (**Exhibit 3**)

12. Debtors did not file any schedules, but filed a Motion to Extend Deadlines to File Schedules on July 10, 2024 (Doc 8) which was granted on July 10, 2024 (Doc 9).

-2-

13. Debtors did not file any schedules and they were dismissed on July 29, 2024 for failure to file schedules, statements and/or plan (Doc 12 – Order and Notice of Dismissal). The case was closed on August 9, 2024.

14. On August 13, 2024 Debtors filed another chapter 13 petition, Case No. 9:24-bk-10921-RC. Debtors did not file any schedules and they were dismissed on August 30, 2024 for failure to file schedules, statements and/or plan. The case was closed on September 12, 2024.

**Movant's Post-Petition Actions**

15. Movant received the Trustee's Deed Upon Sale and recorded it on August 16, 2024. At no time did Movant have any notice or information that Debtors had filed bankruptcy in June 2024 and August 2024.

16. On August 26, 2024, Movant went to the property, to inform the occupants about the sale, with no answer it posted a notice to inform the occupants that Movant had purchased the Property. On August 29, 2024, Movant went to the property again, with no response Movant posted another notice on the Property seeking information on the occupants.

17. On September 3, 2024, Debtor Ruth McKenna called Movant and discussed the foreclosure sale. Debtor never mentioned that Debtors had filed bankruptcy.

18. On September 6, 2024 Movant served upon the Debtor's and all occupants a notice to quit. (Attached as Exhibit to the Complaint which is attached as **Exhibit 4.**)

-3-

19. On September Movant commenced unlawful detainer proceedings against Debtors and filed on September 20, 2024, Case No 24CV05236 in the Superior Court of California, County of Santa Barbara. Debtors filed a motion to quash service (**Exhibit 5**) and a demurrer (**Exhibit 6**), yet again, never mentioned the bankruptcy filings.

20. Debtors filed an Answer on January 10, 2025(**Exhibit 7**), and again did not ever mention the bankruptcy filings.

21. A settlement conference for the unlawful detainer case was scheduled for January 15, 2025. It was at this settlement conference that Debtors, for the first time, informed Movant that they had filed a bankruptcy petition on June 26, 2024.

22. Movant confirmed that the Debtors had filed bankruptcy one minute after the June 26, 2024 foreclosure sale.

23. Movant had no knowledge of Debtors' bankruptcy filings at any time before January 15, 2025. Any potential violation of the automatic stay by Movant in either bankruptcy case was done unknowingly and without notice of the bankruptcy.

24. Upon information and belief, the Debtors' bankruptcy cases were filed in bad faith in an effort to hinder and delay the Foreclosure Sale and Movant's ownership rights in the Property.

25. Movant is entitled to an Order retroactively annulling the bankruptcy stay because the Debtors' filed in bad faith, as evidenced by their failure to file any schedules in either the June 2024 bankruptcy case, or the August 2024 bankruptcy case.

26. This is further evidenced by Debtors' three 2018 bankruptcy filings, where they filed a shell bankruptcy the day before the foreclosure sale and did not file any schedules or participate in the bankruptcy proceedings in any way.

27. Moreover, Debtors failed to give notice to Movant of the bankruptcy proceedings between August 2024 and January 15, 2025, prejudicing Movant's rights.

I declare the above to be true and correct. Executed this 27th day of March, 2025 in Redondo Beach CA.

_____
Olivia Reyes