| | |
|---|---|
| RUTH MCKENNA and JOE MCKENNA<br>317 East Prune Avenue, Unit A<br>Lompoc, CA 93436<br>805-717-1364 | FOR COURT USE ONLY |
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>NORTHERN DIVISION** | |
| In Re:<br>**JOE ANGUS MCKENNA and<br>RUTH ALLISON MCKENNA,**<br>                              **Debtors.** | |
| **REQUEST FOR JUDGE TO RECUSE HIMSELF   and<br>DEMAND FOR JURY TRIAL** | Chapter 13<br><br>Case No. 9:24-bk-10717-RC<br><br>Hearing Date: April 22, 2025<br>Time: 9:00 AM |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE RONALD CLIFFORD III, AND ALL OTHER INTERESTED PARTIES:**

REQUEST

This is a request to have the Honorable Judge RONALD A. CLIFFORD III recuse himself from this case. In addition this is a demand for a jury trial.

Dated: April 7, 2025

_Ruth McKenna_ (signature)
Ruth McKenna

Dated: April 7, 2025

_Joe McKenna_ (signature)
Joe McKenna

## DECLARATION of JOE ANGUS MCKENNA and RUTH ALLISON MCKENNA

We, JOE ANGUS MCKENNA and RUTH ALLISON MCKENNA, declare as follows:

Debtors in this case have another case pending before the Honorable Judge RONALD A. CLIFFORD III, in case number 9:23-bk-10252-RC. Debtors are concerned that the Honorable Judge may develop certain biases from the other case. If the Debtors prevail in the other case, Movant, HOLLYVALE RENTAL HOLDNGS, LLC could possibly be negatively affected in this case by the outcome of the other case as well. It would be in the best interests of all parties to have a judge with no prior knowledge of the parties. Therefore, in the interests of justice, Debtors respectfully request the Honorable Judge RONALD A. CLIFFORD III to recuse himself from this case. However, Debtors would still like to keep the Honorable Judge RONALD A. CLIFFORD III in the other case.

We declare under penalty of perjury under the laws of both the State of California and the United States of America that the foregoing facts are true and correct. Executed on April 7, 2025, in Lompoc, California.

_____
Ruth McKenna

_____
Joe McKenna

/////
/////
/////
/////
/////
/////
/////
/////

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### DEBTORS ARE ASSERTING THEIR RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION.

The Due Process Clause may sometimes demand recusal even when the Judge Claims to no actual bias.' Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 825, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986). Recusal is required when, objectively speaking, "the probability of actual bias on the part of the Judge's or decision maker is too high to be constitutionally tolerable." Withrow v. Larkin, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975);

Whatever disagreement there may be in our jurisprudence as to the scope of the phrase 'due process of law.' there is no dispute that it minimally contemplates the opportunity to be fully and fairly heard before an impartial decision maker. "Catchpole v. Brannon, (1995) 36 Cal.App.4th 237, 245 disapproved on another ground as stated in People v. Freeman (2010) 47 Cal.4th 993, 1006, fn. 4. "Due process... always requires…a fair hearing before a neutral or unbiased decision maker. "Nightlife Partners, Ltd. v. City of Beverly Hills (2003) 108 Cal.App.4th 81, 90.

### II.

### SHOULD A JUDGE NOT DISQUALIFY HIMSELF, THEN THE JUDGE IS IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION.

The Supreme Court has ruled and reaffirmed the principle that "justice must satisfy the appearance of justice", Levine v. United States, 362 U.S. 610, 80 S.Ct 1038 (1960). Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994). "The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause" United States v. Sciuto, F.2d 842, 845 (7th Cir. 1996). When a judge acts intentionally and knowingly to deprive a person of his constitutional rights, he exercises no

discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own prejudice. "Pierson v. Ray. 386 U.S. 547 at 567 (1967) Conduct of trial judge must be measured by standard of fairness and impartiality." Greener v. Green, 460 F.2d 1279 (U.S.Ct. App. - Pa. - 1972) quite simply and quite universally, recusal is required whenever impartiality might reasonably be questioned. Thus, in a case where the question of partiality is a close one, a judge should err on the side of recusal. United States v. Dandy, 998 F.2d 1344, 1349 (6th Cir. 1993).

Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. In re Schlesinger, 172 A.2d 835, 840-41 (Pa. 1961) (quoting In re Murchison, 349 U.S. 133, 136 (1955). Likewise, the U.S. Supreme Court has made clear that a state court's decision may be overturned as a federal due process violation if the impartiality of judges can be legitimately questioned. See, e.g., Withrow v. Larkin, 421 U.S. 35, 47; Mayberry v. Pennsylvania, 400 U.S. 455, 466.

It is axiomatic that where a judge has improperly failed to disqualify himself or herself, that judges rulings the matters are invalid dating back to the time that disqualification should have occurred. See, e.g., Rohm & Haas Co. v. Continental Casualty Co., 732 A.2d 1236, 1260 (Pa. Super. 1999) (holding that where the judge should have recused himself, subsequent consideration of matters in the case "would necessarily be invalidated."); Joseph v. N. Whitehall Twp. Bd. of Supervisors, 16 A.3d 1209, 1220 (Pa. Commw. 2011) (noting that invalidation is a proper remedy where recusal was required); Kuszyk v. Zoning Hearing Bd. of Amity Twp., 834 A.2d 661, 662 (Pa. Commw. 2003) (holding that if a tribunal member should have recused himself,; see also Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 827-828 (1986) (vacating final order by Alabama Supreme Court on impartiality grounds because movant did not discover impartiality of justice who made decisive vote until after the order was entered).

The term "judicial bias" is defined as 'a predisposition to decide a cause or an issue in a certain way, which does not leave the mind perfectly open to conviction.' Pacific etc. Conference of United Methodist Church v. Superior Court (1978) 82 Cal.App.3d 72, 86. In determining whether "the probability of bias on the part of a judge is so great as to become 'constitutionally intolerable,' the "standard is an objective one." Freeman 47 Cal.4th 993, at 1001; internal citations omitted. The

California Supreme Court has held that "[w]hile a showing of actual bias is not required for judicial disqualification under the due process clause, neither is the mere appearance of bias sufficient. Instead, based on an objective assessment of the circumstances in the particular case, there must exist "the probability of actual bias on the part of the judge or decision maker [that] is too high to be constitutionally tolerable." Freeman 47 cal.4th 993 at 996, citing Caperton v. A.T. Massey Coal Co., Inc. (2009 556 U.S. 868. Here, the court's deprived petitioner of due process as the court was far from neutral arbiter in the adjudication of her petition.

III.

DEBTORS DEMAND A JURY TRIAL

Rule 38(a) of the Federal Rules of Civil Procedure states, "Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."

**CONCLUSION**

Debtors have a right to due process and a right to a fair and impartial judge. Even though Debtors have the same judge in another case before this court, Debtor should be entitled to Due Process in both cases. This would be accomplished by having one judge for each case before this court. Debtors respectfully request a detached observer in each case to have a fair and impartial hearing, for the benefit of all parties involved in each case. Debtors have a right to a jury trial. Respectfully Submitted.

Dated: April 7, 2025

_Ruth McKenna_
Ruth McKenna

Dated: April 7, 2025

_Joe McKenna_
Joe McKenna

| RUTH MCKENNA and JOE MCKENNA<br>317 East Prune Avenue, Unit A<br>Lompoc, CA 93436<br>805-717-1364 | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br>**NORTHERN DIVISION** | |
| In Re:<br>**JOE ANGUS MCKENNA** and<br>**RUTH ALLISON MCKENNA,**<br><br>                          Debtors. | |
| **[proposed] ORDER ON REQUEST FOR JUDGE TO RECUSE HIMSELF and DEMAND FOR JURY TRIAL** | Chapter 13<br><br>Case No. 9:24-bk-10717-RC<br><br>Hearing Date: April 22, 2025<br>Time: 9:00 AM |

The court having considered the pleadings filed by Debtors, JOE ANGUS MCKENNA and RUTH ALLISON MCKENNA, "REQUEST FOR JUDGE TO RECUSE HIMSELF and DEMAND FOR JURY TRIAL" (Request and Demand) and finding Good Cause, IT IS HEREBY ORDERED:

1. The Request and the Demand are GRANTED;
2. The Honorable Judge RONALD A. CLIFFORD III recuses himself from this case;
3. The Debtors shall have a jury trial; and
4. The Clerk of this court is ordered to take notice of this Order and act on it.

IT IS SO ORDERED.

Dated: _____

Ronald A. Clifford III
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
711 East Ocean Avenue, Lompoc, CA 93436

A true and correct copy of the foregoing document entitled (*specify*):  **REQUEST FOR JUDGE TO RECUSE HIMSELF and DEMAND FOR JURY TRIAL; PROPOSED ORDER**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __04/07/2025__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Elizabeth (ND) F Rojas (TR)    cacb_ecf_nd@ch13wla.com

United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __04/07/2025__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/07/2025 | Samuel Bosworth | /s/ Samuel Bosworth  04/07/25 |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 1 of 2

June 2012    F 9013-3.1.PROOF.SERVICE

SAM CHANDRA, ATTY
LAW OFFICES OF SAM CHANDRA, APC
710 S. MYRTLE AVE., #600
MONROVIA, CA 91016

THE HONORABLE RONALD CLIFFORD, III
UNITED STATES BANKRUPTCY COURT
1415 STATE STREET
SANTA BARBARA, CA 93101

CARRINGTON MORTGAGE SERVICES, LLC
P.O. BOX 3549
ANAHEIM, CA 92803

CARRINGTON FORECLOSURE SERVICES, LLC
P.O. BOX 3309
ANAHEIM CA 92803

TAI ALAILIMA / DIRECTOR
TRUSTEE OPERATIONS
CARRINGTON FORECLOSURE SERVICES, LLC
SOUTH DOUGLAS RD, STE 140
ANAHEIM, CA 92806

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 2 of 2

June 2012

F 9013-3.1.PROOF.SERVICE